IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0264 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the hand-written Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTONIO DUDLEY. The Court reviewed the petition, noted it appears to contain claims that DUDLEY's Civil Rights have been violated by prison officials and on December 20, 2016, the Court ordered petitioner to file a completed form petition as required by the Northern District of Texas in habeas cases. (Dkt. 4). Alternatively, petitioner DUDLEY was admonished he could file a motion to dismiss this case and seek to vindicate these wrongs by initiating a civil rights lawsuit pursuant to 42 U.S.C. § 1983 utilizing the civil rights form adopted by the Northern District of Texas and paying the appropriate filing fee for a Civil Rights lawsuit. In the event petitioner opted to pursue a habeas claim, he was also ordered to pay the $5.00 filing fee or submit the necessary application to proceed *in forma pauperis*.

On January 20, 2017, Petitioner DUDLEY timely filed a response to the Court's Order but

did not file a form habeas application, did not pay the required habeas filing fee and did not file an application to proceed *in forma pauperis*. (Dkt. 5).

By his response petitioner argues it is not respondent Lorie Davis but prison staff McBroom of the prison facility's law library who, "continues to ignore the serious harm being caused at the hands of said prison staff." (Dkt. 5 at 1). Petitioner appears to contend he is being illegally deprived of access to materials including legal forms such as an application to proceed *in forma pauperis,* and this is the, "precise issue he has brought to the attention of the court." (*Id.*). Petitioner concedes the claim he brings is not cognizable under habeas statute 2241 and that if the Court chooses to dismiss his petition he will respect that order. (Dkt. 5 at 2).

Petitioner DUDLEY has not properly filed a form federal habeas application as required by the Court, after given additional time to do so, and has not proven to the Court he has a claim which is cognizable under habeas *i.e.* prisoners challenging their conviction or sentence, or a specific prison disciplinary proceeding. Review of the claim in petitioner's pleading and his court ordered response indicate petitioner's claim actually concerns the conditions of his confinement, which claim is appropriate in a 42 U.S.C. § 1983 complaint. *See Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir. 1994). For these reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED.

## RECOMMENDATION

For the reasons set forth herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ANTONIO DUDLEY be DISMISSED.


## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).